May it please the Court, I'm Christopher Stender, I'm here on behalf of the petitioner Raquel Anduiano-Perez, and yes, you did pronounce it correctly, Your Honor. This, again, is another alien smuggling case, and I think it's distinct from the other two cases that the Court has heard this morning, because here the smuggling, as alleged, took place entirely inside the United States. This is not a case where the petitioner was found at the border trying to cross somebody in, in a vehicle or otherwise. She was inside the United States in her own house, and I think what... Can we do a jurisdictional issue first? Sure. Because as I understand the government's response in this case is it thinks we have no jurisdiction, or that the BIA was not put on sufficient notice of what your claims were, and therefore we don't have jurisdiction. And they say if we do, then we ought to remand it to the BIA to consider the arguments you were just starting to make. So could you address the jurisdictional issue first? Yes, Your Honor. The way I read the BIA's first decision, they affirmed VIJ's decision, so they adopted it. They didn't cite Burbano, though. I was looking for a Burbano affirmance. So they didn't mention that. But when they talked about the cancellation of removal, the BIA said, we affirm for the reasons stated therein, VIJ's decision to deny cancellation of removal. But they didn't use that language. Which page are you on? I'm sorry. I'm on... Over here. It's the first. It says page 6 of 439. It's the first page of the BIA. They say we affirm the removal for the reasons in VIJ's order, and it cites the pages, right? That's correct. Is that – is that – I guess my first question is let's assume your notice of appeal was insufficient. Does this mean that the – that the BIA nonetheless addressed the issue of removability? I believe yes, because, and I think what's important, VIJ had a motion to terminate where all those issues were raised. Altamirano was raised, and also kind of pre-Rodriguez-Ceballo, whether or not the admissions obtained from the petitioner were proper. There was a lengthy motion to terminate filed, which VIJ adjudicated, ruled against, and found then sufficient evidence to find removability. So while the BIA did not have the benefit of the brief, which they chose to reject as untimely, and all those issues were fully raised in that brief, I still think that the motion to terminate, which one would assume the BIA would have reviewed as part of the record on appeal, and in affirming VIJ's decision where he denied the motion to terminate based on all those issues, therefore all those issues are fairly raised in the record, and the BIA had all those same issues before that when they made the decision. But they expressly say – the BIA expressly says on appeal the respondent has failed to timely file a brief, and we thus address only the statements on her notice of appeal, which is what, in fact, they do. They don't address anything else. And we've said in Avey that where the – that the BIA can choose not to address what the IJ has done by, for example, pointing out a procedural defect. So I'm not sure what the BIA could have done to make clear that it wasn't addressing those issues that weren't in the notice of appeal. Well, I mean, certainly the BIA did – only looked at one very simple issue, was whether or not the evidence was admissible and positive. Which was raised in the notice of appeal. It was one of the three items that was raised in the notice of appeal. So let's go backwards for a second. Is the notice of – what part of the notice of appeal raises the issue that you're urging in front of us, which is that the evidence wasn't sufficient to establish the case for removal? Well, you could look at the evidence that's – It could only be the third one, right? Right. That's true. Urging the law and the facts. Urging the law and the facts. And that – generally, we wouldn't treat that as a sufficient notice of appeal. Right. The notice of appeal is not very sufficient to put the BIA on notice to these issues. So if the Court and the – if the BIA was defined by the notice of appeal and didn't look to the record, and then if there is an exhaustion issue, then it – this appeal is very, very difficult for the petitioner to prevail on those issues. Let's assume you have exhausted for a moment that the IJ – that the BIA's incorporation by reference, if you will, even without noticing Pedrano, is a – was sufficient to address the issue. Do you agree with the government that on the merits of the appeal, we ought to then remand to the BIA for it to consider your arguments? I certainly would not be averse to a remand in this case for a lot of reasons. And the second petition for review also raised the issue of reopening a remand based on some other case law. So it's not Petitioner's position that this case should not be remanded. In fact, I think it should be remanded for her. I'm sorry. Go ahead. Can you explain how that would work? Because if your theory is that the BIA adopted the IJ's opinion, then what's left to remand? I mean, the I – per your theory, the BIA has already made its decision on this issue. So I'm not understanding how that's consistent. Well, it – well, it's – And I understand it wasn't your theory. So – but just – do you think we should move on and do – move on and adjudicate the merits if we have – if we – if there was jurisdiction? Again, I think a remand would be advisable because they rejected the –  Because they rejected the brief. They didn't consider the issues raised. But so then they didn't adopt the IJ's decision then. Because if they took the IJ's decision, which I thought was your theory, then they've decided the issue, and then we can address the merits. Why is that wrong? Well, again, that's for this Court to make the decision whether or not you would move on and find whether or not – it's a question of exhaustion, clearly. But I take it – I take it your position is – It is a question of exhaustion. I'm sorry. Go ahead. That you don't – it wasn't your idea to remand, but you don't oppose it if that's what the government wants. That's correct. It was my theory on the second petition for review. I asked if you were open to that. That's a second – that's a second issue. That's true. Let's assume that the issues are in front of us, which is where you started. Why, if we were reviewing this decision of the BIA to see whether there was enough evidence to support the defining of removability, why would – why would we not find removability here? If the issue is properly before the Court as – and before the BIA, again, that there's not sufficient evidence of alien smuggling, there's no affirmative act, there's no assistance, there's no encouragement to enter the United States. Again, the immigration judge took off on the – on the issue of encouragement, and I'm not sure where the IJ gets the standard, but he announces a standard that it's unnecessary even to know that one is providing encouragement. And we cite that in our brief, and this is what the IJ looks at when he finds that there is sufficient evidence of alien smuggling. Well, the son admitted that there – that he was smuggling aliens across the border to his mom's house, and there was evidence from one person that she was saying, hurry up, hurry up, and trying to hide people in her house. So why isn't that sufficient evidence to demonstrate a continuous course of conduct for her, at a minimum, aiding and abetting her son's smuggling, which counts, I think, as smuggling? Why isn't that enough? I think the evidence of – it was one of the smuggled aliens who comes in to testify and says that there's a woman – he believed it to be the petitioner. He said, I think, a dark-skinned woman. It looked like the petitioner. It could be. But, again, none of the acts done by the petitioner here are done at the border or in Mexico. There's no – Why does that – well – Because it's – Isn't aiding and abetting law generally – doesn't it generally continue on through making sure that the scheme succeeds by – afterwards? And if I'm right about that, why doesn't it fall within that general principle? Well, I think there's no linkage here. There's nothing that shows that the mother – Well, first of all, do you agree with the general principle? Yes. Because if you're aiding and abetting a bank robber, you can drive the getaway car even though you weren't in the bank and you're still aiding and abetting. So you're okay with the general principle and you don't think the facts meet it because – I don't think the facts support it because, again, the son came in and testified and said, I'm responsible, I did everything, I knew everything, and, in fact, my mother didn't know. Yeah, but there's some evidence to the contrary. The son – I take it from this record, it's a fair reading. The son is engaged in alien smuggling as a vocation, if not his primary vocation. He brings these people to his mother's house. There's testimony that she is outside as they arrive. To both of their houses, they both – I understand, but it's the house that she occupies. Yes. As they arrive, there's testimony that she is outside saying, hurry, hurry, and then points them or guides them toward a hidden compartment in a closet. Now, that's the evidence taken, I think, in the light most favorable to the government, and that her testimony that she was someplace else when this happened is belied by the observations of the patrol officer who says the car that she says she took someplace else during this was there during the entire time of the incident. If we take all those facts to be true, why isn't that sufficient to support – why isn't that substantial evidence in the record from which the I.J. could find that she was aiding and abetting if after the fact? Well, I think what you don't have here is any linkage between the son and the mother and that there was an affirmative act to enter the United States. I think if you want to put it in the stream, then an argument can be made, and that's what the government's case is premised on, that this is part – a link in the stream of bringing these people into the United States. I think the evidence, though, doesn't – there is no evidence of that in this record. Generally speaking, when you have an alien smuggling case, you have a crossing and a border. There's some conduct taking place south of the border in Mexico. Some plans are made. Some assistance is provided. But why isn't this evidence fairly readable? It suggests that the son went across the border with the intention of seven minutes – running across seven minutes across to the mother's and his place, putting the people there, and he and the mother had a place to hide them. Why – isn't that a fair reading of the evidence in this case? Well, it's maybe some evidence, but it's not clear and convincing evidence of it, and the government failed to elicit any evidence or testimony linking that the mother was even aware, had knowledge, and knew that these people were coming from Mexico. And again, the statute provides knowingly provided assistance to enter the United States, and I don't think it's sufficient. And I think what she did was stand at the door at the evidence taken at the government saying, hurry them in the house and open the door. I'm not sure it went as far as saying the compartment. But I don't think that is sufficient. Isn't that what the smuggler, if you will, says, that she then directs me to the compartment? I think that is one, right, one part of the reading of it. But what you have here, I think, in essence, is really harboring. And harboring is a distinct criminal act. It's a distinct type of offense that's acknowledged under the law. If you can't place the assistance and the affirmative act as crossing the border and bringing these people into the United States, then you simply don't have alien smuggling. Well, you can have one act be both, can't you? Going back to my comment about the bank robbery, you may be part of the bank robbery as an aider and abetter when you do the getaway car, and you also may be in possession of stolen property because you now have the stolen property. But why can't the same be true here? Maybe she's guilty of harboring, but also of aiding and abetting the smuggling in the first instance. Well, the government would have to provide some evidence of that, though. Well, I understand that, but in theory, just because it's – I guess what I was reacting to was your statement, well, this is harboring, but that doesn't seem to me to preclude that her acts also could involve the smuggling piece. It could, but the government would have to actually provide some evidence of that. Again, like the admission from the son, who they didn't concentrate on it. Yes, I made this arrangement in Mexico. I told them they were going to come over to my house and my mom would be there, or something to that effect. There's no tie-in between the son and the mother. There's no evidence what the son did, in fact, to bring these people over to the United States, what plan was made, what was going to happen. So without that missing element, you can't tie the mom to it. I know the government wants to do that, but they're not going to be able to prevail by the clear and convincing standard by pointing to what the mother did inside the United States. She never admits to the smuggling. She denies it in a lengthy interview. There's no evidence there. Smuggled alien identifies her at the house and says she opened the door and provides some assistance within the United States. But again, it's not knowingly providing assistance to enter. And the statute requires not only knowledge, but also assistance, and lastly, to enter the United States. And I think if that's the standard, then, you know, somebody, you know, how far down the stream will you go with this in saying, well, this is some encouragement, this is something. If they had made it to, you know, Minnesota, and she had opened the door and let them in, is that also part of the alien smuggling scheme? There has to be a division. And I think here the government fails in their burden of proof because they don't tie the mother to the smuggling scheme in any way. And they put her in the United States. And she opens a door, perhaps, you know, lets them, points them to a place to hide. But again, that's harboring, that's why the statute defines harboring separately from the smuggling. Counsel, you're down to half a minute. Do you want to save some rebuttal time? Yes, I will. Thank you very much. Thank you. We'll hear from the government. Good morning. May it please the Court, Kate DeAngelis for the Attorney General. We believe that this case is purely procedural. As we argued, the issues and the merits at hand are not properly before the Court because they were not exhausted. Basically, in the notice to appeal, and I should note that my opposing counsel has never challenged the Board's denial of his motion to file this briefly. So, you know. Is there some other, do you think that he hasn't exhausted remedies with respect to that? I think that he could have argued that it was an abuse of discretion for the Board to have done that. Pretty hard standard to meet, isn't it? Right. But my point is that, you know, he has never raised that claim, that, you know, the Board improperly failed to address arguments, which would have been a way around exhaustion. Here, he raised, basically, the notice of appeal, argued the cancellation of removal, and argued that the I.J. Aaron had been admitting inadmissible evidence, and makes a very broad and general statement about that. So let's assume, let's assume that the notice is insufficient. Our case law seems to say that if the BIA addressed an issue, then we will treat the issue as exhausted, even if there's been other deficiencies in the process. The BIA says they're affirming the I.J.'s finding of removability, and they cite specifically to 10 pages of the record where he exhaustively discusses the very issue that Mr. Stender now raises to us today. Why isn't that sufficient? Well, I believe that that, first of all, that it is an exhaustive discussion by the immigration judge. However, none of the issues that Petitioner is now trying to argue about removability were actually raised to the board. No, no. That's not my question. My question, you agree they were raised to the I.J. and the I.J. discussed them. When you say them, I'm not saying anything. You agree that the issues that he's today arguing were exactly the issues that are in pages 2 through 11 of the I.J.'s decision. I don't actually have the I.J. Well, the I.J.'s decision in those pages discusses the entire argument of removability. Right. And the argument by the Petitioner here that there's not enough evidence to show that she engaged in it. Yes, but we're missing the link where the I.J. Okay. So let me just go through this and see where you disagree with me. Let's assume that I agree with you that the notice of appeal doesn't sufficiently raise this issue. The BIA then says we affirm the I.J.'s finding of removability, and it says see these pages of the record. And then states the standard of review. Yes. Cites their own standard of review. So why isn't that the BIA, notwithstanding whatever deficiency there is in the record up until that point, in effect incorporating by reference the findings of removability and the reasons for it given by the I.J.? Well, I would agree that if the Court finds that that is sufficient, that the Board's, you know, affirmance of the immigration judge's removability finding, if that's sufficient to exhaust, then the Court can reach that. However, the Board has never been on notice that Petitioner is raising the particular issues with removability. No, I understand. And that's why you want to remand it. I understand that. My question is simply doesn't that satisfy our exhaustion requirements? If the Board, even without discussion, affirms a finding of the immigration judge incorporating by reference his findings, doesn't that mean that they satisfy our exhaustion requirements? I believe that that's correct. The Court can review the immigration judge's and the agency's, I guess I should say. And for whatever reason, you didn't brief that issue, the merits of the issue. So it seems to me we have. Here. Here. It's true. We argue that Petitioner did not put the Board on notice. So you put all your eggs in the basket of exhaustion. Does any affirmance, so if the BIA affirms the I.J., is that sufficient to exhaust anything addressed by the I.J., or does there have to be something in the notice of appeal? I mean, I think we're talking specifically about the issue of removability here. No. I'm saying that when we have a BIA decision, if it affirms the I.J. opinion without any discussion or reference at all, that would exhaust every issue that was raised to the I.J., in your view? I mean, I think it would depend on how they affirmed. Did they adopt and affirm? Well, here we didn't have a Burbano affirmance, which supposedly does that. And they expressly said, Respondent has failed to timely file a brief, so we address only the statements on her notice of appeal. So they seem to exclude anything that wasn't in the notice of appeal. Nevertheless, they affirm the I.J.'s opinion. Is that alone enough to meet our exhaustion requirements? They could have been more clear, I think. I do believe that the Board intended to only address the specific issues in the notice of appeal, and they probably should have. So should they not have affirmed the I.J.? In other words, if the BIA said these issues were not raised to us, they were raised to the I.J., but they were not raised to us, what would they need to do? I mean, they've said we don't address those statements, we address only the statements on her notice of appeal. What would they have needed to do not to address those issues for purposes of our exhaustion analysis? I think that probably, I think the Board, it should have here not affirmed the immigration judge's decision. So you would have just excised the second and third sentences of the decision, essentially, and started with the Respondent has appealed and on appeal has not filed a brief. I'm particularly, I guess, focusing on, if you will, the fact not only that they say we affirm this finding with page numbers, but also then see the regulation on the scope of review, which to me strongly suggests that, in fact, they reviewed it. Otherwise, why would they cite the scope of review for the thing they just did? So with that thought in mind, why remand instead of deciding here whether the affirmance was proper or not proper? Well, I think the reason for remand would be to give the Board an opportunity to provide its own legal analysis, which the immigration judge I don't believe fully did and I don't believe the Board, you know, felt that they were getting a chance to really provide the legal analysis that petitioners asked for. Why should they get another bite at the apple? They chose to tell us that they are agreeing specifically with pages 2 to 11 of the immigration judge and they tell us that they paid attention to the scope of their review. Well, you know, you're probably right in this case. They could have worded it more eloquently. However, I do think that just taking a step back, it's important for me to point out that the removability finding is well supported here. Well, but you haven't briefed it. And typically when somebody doesn't respond to an argument in the other side's brief, we treat that argument as conceded. Our rules seem to suggest that. Why haven't you conceded the issue if there was exhaustion? Well, you know, I do believe that there's some ambiguity here in the immigration judge's decision about what exactly they were doing, and certainly it would not be our desire to concede that Petitioner was not removable in this case. No, but I'm looking at this from the dilemma from our standpoint. We have what may or may not be a determinative jurisdictional issue. But if we determine that despite his best efforts or despite counsel's best efforts, this issue was preserved for appeal, we have a record on which we can review it and a brief on which we can review it, and the government hasn't given us any help in reviewing that record. And the answer is, well, give us another shot at making a better record below. And I'm not sure that's the appropriate thing for us. So if we had to move on to it without any arguments from you on the record, how do we do that? Well, you know, all I can say at this point is that the government would not concede the alien is removable, that the government would, you know, encourage the court to look at the record, which is very strong in support of the removability finding here. You said in a footnote, I think you preserved your request. You thought you had a good argument based on a baby, which says that if the BIA intends to constrict the scope of its opinion to apply to only one grant upon which the IJ's decision rested, the BIA can and should specifically state that it's so limiting its opinion. I certainly would read the BIA's opinion as limiting it. But you had a footnote preserving a request for to provide supplemental briefing if we disagreed with that. Is that what you want? You want us to invite supplemental briefing if we decide that we do have jurisdiction to review that issue? I think, of course, if the court decides that they're going to visit the issue of removability, the government would like the opportunity to brief the issue. Yes. So now you don't want it remanded? In light of our discussion here today, if the court is going to reach the issue, then I would like to brief it. No, and it's fair. I guess my question is what's the government's position? Would you like it remanded, or would you like us to reach the merits and grant you supplemental briefing? Well, if we're talking only about this, you know, with this issue on the table, I would like the opportunity to brief the issue at this point. Okay. You know, with regard to the motion to reopen, I just would state that we don't believe the court has jurisdiction over that because it was a sua sponte request. And, you know, if there are no further questions, that's all I have. Okay. Thank you, counsel. Mr. Stender, you have about half a minute if you want it. Yes. Thank you. Regarding the second petition for review, I think there's an important issue raised regarding the scope of ACFR 287 and specifically subsections B and C. I think there's a bit of a conflict in the Court's decisions regarding Rodriguez Echevarria and the Semiola-Martinez case. Whether or not there are advisals required, admonitions and the right to counsel upon arrest by an examining officer. And I think what happened in the Semiola court is they didn't look at 287B when they made the decision that any decision or any advice to the arrested alien does not need to take place until after the notice to appear has been filed with the Immigration Court. And that pretty much makes the regulation meaningless and having no effect. Thank you. Thank you, counsel. We appreciate the arguments of both counsel. The case is submitted.
judges: Graber, Ikuta, Hurwitz